# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROGER JOHNSON (# 59930)**     **PLAINTIFF**

**v.**     **No. 4:08CV23-P-A**

**CASE MANAGER DORSEY, ET AL.**     **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Roger Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

At Unit 32-B at the Mississippi State Penitentiary, Case Manager Dorsey confiscated the plaintiff's magazines and threw them away, despite the plaintiff's request that the magazines be sent to storage so he could send them home. Angry over Dorsey's actions, the plaintiff "cussed her out." Dorsey wrote up the plaintiff for two rule violations arising out of this event, but the plaintiff did not receive notice of them, and the completed forms stated that the plaintiff refused to sign the Rule Violation Reports. The plaintiff claims that no one presented him with the Rule Violation Report to review and sign. The plaintiff was found guilty of the rule violations and disciplined with thirty days loss of canteen privileges and an equal duration loss of visitation.

## The Plaintiff's Claims

The plaintiff seeks relief only for the lack of notice and opportunity to be heard before being punished for the two Rule Violations. The plaintiff states that he suffered humiliation from body odor due to his inability to purchase personal hygiene items from the canteen – and that he suffered mental anguish from his inability to write home without stationery from the canteen.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953,

958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff's punishment was thirty days loss of visitation and commissary privileges, clearly part of the "ordinary incidents of prison life," rather than an "atypical and significant deprivation." *Sandin* at 2301. As such, the instant case is hereby **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE